1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN ANTHONY HEADSPETH,<br><br>            Plaintiff,<br><br>        v.<br><br>D. PAGE, et al.,<br><br>            Defendants. | Case No.  1:13-cv-00860-DLB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.      Background**

Plaintiff Calvin Anthony Headspeth ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff filed his original complaint on June 6, 2013, and is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

1

1    A complaint must contain "a short and plain statement of the claim showing that the
2    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
3    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
4    conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*
5    *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
6    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting
7    *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are
8    not. *Id.*

9    **II.    Summary of Complaint**

10    Plaintiff is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California,
11    where the events giving rise to this action occurred.  Plaintiff names D. Page, R. Landeros, J.
12    Hernandez, and L. Villa as defendants in this action.

13    Plaintiff alleges the following.   On June 25, 2010, Defendant Landeros ordered
14    Defendants Hernandez and Villa to conduct a search of Plaintiff's cell.  Defendant Hernandez
15    ordered Plaintiff out of the cell and Plaintiff complied.  Regardless, Defendants Hernandez and
16    Villa pepper sprayed Plaintiff, grabbed him by the neck, and slammed him to the ground
17    repeatedly.  As a result, Plaintiff's forehead was busted open and his left eye was black and
18    swollen. Defendants Hernandez and Villa then cuffed Plaintiff's hands behind his back and
19    escorted him to the medical building.  A MTA looked at Plaintiff's injuries. Plaintiff requested to
20    see a Defendant Landeros but Defendants Hernandez and Villa denied his request.   Lieutenant
21    Miranda videotaped Plaintiff's injuries and took his statement.  Defendant Villa falsely claimed
22    that Plaintiff swallowed contraband.   As a result, Plaintiff was placed on contraband watch.
23    Defendant Villa made this false accusation to cover up his reason for initiating unnecessary
24    force.

25    Defendant Page allowed Plaintiff to be held in an unauthorized holding cell for sixty six
26    hours and withheld medical treatment for Plaintiff's injuries.  Defendant Page violated CDCR
27    policy by placing Plaintiff on contraband watch without giving him an x-ray or examination.
28    While on contraband watch, Plaintiff was chained in leg restraints and waist chains in a filthy

1   holding cell.  Plaintiff was unable to decontaminate after he was pepper-sprayed in his cell. As a

2   result, Plaintiff suffered permanent burns on his hairline.

3         Plaintiff requests compensatory and punitive damages as relief.

4   **III.     Analysis**

5         A.     Eighth Amendment – Excessive Force

6         "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

7   Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  *Hudson*,

8   503 U.S. at 8.  "The objective component of an Eighth Amendment claim is . . . contextual and

9   responsive to contemporary standards of decency."  *Id.* (internal quotation marks and citations

10  omitted).  The malicious and sadistic use of force to cause harm always violates contemporary

11  standards of decency, regardless of whether or not significant injury is evident.  *Id.* at 9; *see also*

12  *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard

13  examines *de minimis* uses of force, not *de minimis* injuries)).  However, not "every malevolent

14  touch by a prison guard gives rise to a federal cause of action."  *Hudson*, 503 U.S. at 9.  "The

15  Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from

16  constitutional recognition *de minimis* uses of physical force, provided that the use of force is not

17  of a sort 'repugnant to the conscience of mankind."  *Id.* at 9-10 (internal quotations marks and

18  citations omitted).

19        "[W]henever prison officials stand accused of using excessive physical force in violation

20  of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

21  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

22  cause harm."  *Id.* at 7.  "In determining whether the use of force was wanton and unnecessary, it

23  may also be proper to evaluate the need for application of force, the relationship between that

24  need and the amount of force used, the threat reasonably perceived by the responsible officials,

25  and any efforts made to temper the severity of a forceful response."  *Id.* (internal quotation

26  marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth

27  Amendment inquiry, but does not end it."  *Id.*

28        Plaintiff has sufficiently alleged a claim for excessive force against Defendants

1  Hernandez and Villa.

2      B.    Eighth Amendment—Medical Treatment

3          The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does

4  not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and

5  citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an

6  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

7  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

8  indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

9  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).   The deliberate

10  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

11  must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.

12  Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

13  an excessive risk to inmate health or safety . . . ." *Id.* at 837.

14          "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under

15  this standard, the prison official must not only 'be aware of the facts from which the inference

16  could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

17  inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have

18  been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

19  matter how severe the risk.'" *Id.* (quoting *Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175,

20  1188 (9th Cir. 2002)).

21          Here, the Court finds that Plaintiff fails to states a cognizable claim for relief against any

22  defendants for deliberate indifference to a serious medical need, in violation of the Eighth

23  Amendment.  Plaintiff makes no allegations which demonstrate that Defendants knew of and

24  disregarded an excessive risk of serious harm to Plaintiff's health.  Although Plaintiff alleges that

25  he had serious medical injuries, Plaintiff fails to allege specific facts showing how defendants

26  were deliberately indifferent to Plaintiff's need for medical attention. Defendants Hernandez and

27  Villa escorted Plaintiff to the medical building where two different people attended to Plaintiff's

28  injuries.  Accordingly, Plaintiff fails to state a claim for deliberate indifference against any

4

named defendants.

      C.     <u>Eighth Amendment—Conditions and Confinement</u>

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue. . . ." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." *Hudson*, 503 U.S. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ." *Farmer*, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a

substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837-45.   Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  *Id.* at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Here, the Court finds that Plaintiff fails to state a conditions and confinement claim, in violation of the Eight Amendment.  Plaintiff describes the conditions of the holding cell very generally as filthy.  "Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson, 45 F.3d at 1314 (citation omitted).  The Court finds that Plaintiff's vague, non-specific description of the holding cell falls well short of supporting a claim that, objectively, the conditions rose to the level of a substantial risk of serious harm to Plaintiff's health or safety. Simmons, 609 F.3d at 1018.  The Court is mindful of the liberal notice pleading standard, *Wilhelm v. Rotman*, 680 F.3d 1113,   1121 (9th Cir. 2012; *Watison*, 668 F.3d at 1112, but nevertheless, vague descriptions of conditions of confinement such as those set forth here are not sufficient to support a deliberate indifference claim, *Iqbal*, 556 U.S. at 677-79.

D.     Supervisory Liability

The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 556 U.S. at 677.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  *Id.* at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  *Id.* at 677.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441

1   (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must

2   allege some facts indicating that the defendant either: personally participated in the alleged

3   deprivation of constitutional rights or knew of the violations and failed to act to prevent them.

4   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

5          Defendant Landeros instructed Defendants Herndandez and Villa to search Plaintiff's

6   cell.  However, Plaintiff alleges no facts which indicate that Defendant Landeros personally

7   participated in the alleged excessive force or knew of the violation and failed to act to prevent

8   them.  Accordingly, Plaintiff fails to state any claims against Defendant Landeros.

9   **IV.      CONCLUSION AND ORDER**

10         Plaintiff's complaint states a cognizable claim against Defendants Hernandez and Villa,

11  in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for claims

12  against any other defendants.  The Court will provide Plaintiff with the opportunity to file an

13  amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*,

14  809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

15  adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607

16  (7th Cir. 2007) (no "buckshot" complaints).

17         If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding

18  only on the claim for excessive force, Plaintiff may so notify the Court in writing, and the Court

19  will issue an order for dismissal of the other claims and Defendants, and will forward Plaintiff

20  two (2) summons and two (2) USM-285 form for completion and return.  Upon receipt of the

21  forms, the Court will direct the United States Marshal to initiate service of process.

22         If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a).

23  Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

24  constitutional or other federal rights: "The inquiry into causation must be individualized and

25  focus on the duties and responsibilities of each individual defendant whose acts or omissions are

26  alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th

27  Cir. 1988).  With respect to exhibits, while they are permissible if incorporated by reference,

28  Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R.

Civ. P. 8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.  Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a.    File an amended complaint curing the deficiencies identified by the Court in this order, or

   b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Hernandez and Villa for excessive force, in violation of the Eighth Amendment; and

1      3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure

2            to obey a court order.

3

IT IS SO ORDERED.

4

5 Dated:   **April 10, 2014**                 /s/ *Dennis L. Beck*

6                            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28